# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH M. DILLON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2519** |
| **ORLEANS PARISH TRAFFIC COURT** | **SECTION "M"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for seeking relief which is not available and otherwise for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Keith M. Dillon, is incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.[2] Dillon was arrested on September 12, 2004, for a fourth offense driving while intoxicated ("DWI"), careless operation, driving with a suspended license, and driving with an expired license.[3] He was scheduled for an appearance at the New Orleans Traffic Court on September 30, 2004.[4]

Dillon was nevertheless called for arraignment on September 24, 2004, at which time it was continued to October 1, 2004.[5] On October 5, 2004, his trial was reset for December 15, 2004.[6] According to defendant's response, the trial was again rescheduled to March 30, 2005.[7] Dillon admittedly failed to appear for his scheduled court appearances.[8] As a result, on March 28, 2005, the traffic court issued an attachment for

---

[2] Rec. Doc. No. 1, Petition, attached change of address.

[3] Rec. Doc. No. 9, Exhibit A, New Orleans Traffic Court Inquiry, 6/27/06; Ticket No. 0218433, 9/12/04.

[4] Rec. Doc. No. 9, Exhibit A, Ticket No. 0218433, 9/12/04.

[5] Rec. Doc. No. 9, Exhibit A, New Orleans Traffic Court Docket Search, 6/29/06.

[6] Id.

[7] Rec. Doc. No. 9, p. 1.

[8] Rec. Doc. No. 1, Petition, p. 8; Rec. Doc. No. 9, p. 1.

Dillon's arrest.[9]  The attachment is still outstanding and has been lodged as a detainer against Dillon, who is currently incarcerated in Jefferson Parish on charges in that parish.[10]

## II.   FEDERAL HABEAS PETITION

On May 11, 2006, Dillon filed a petition for federal habeas corpus relief, alleging that he is being held without bail on a charge that is invalid under the statute of limitations since no bill of information was filed.  Construing his prose petition broadly, Dillon argues that he has been unlawfully detained and denied his due process right to a speedy trial through delayed prosecution in Orleans Parish.  He further argues that he has spent a sufficient amount of time in jail to warrant his release on any and all of his charges.  Dillon therefore seeks his immediate release.

The Office of the City Attorney for the City of New Orleans filed a response to Dillon's petition, alleging that the petition should be dismissed because the attachment is outstanding and Dillon has not filed any pleadings with the Louisiana Fourth Circuit Court of Appeal.[11]

---

[9] Rec. Doc. No. 9, Exhibit A, Writ of Attachment, 3/28/05; New Orleans Traffic Court Docket Search, 6/29/06.

[10] See Rec. Doc. No. 1, Petition, 8-9; Rec. Doc. No. 9, Exhibit C, Interoffice Memo, 6/28/06.

[11] Rec. Doc. No. 9.

3

III. <u>NATURE OF THE CURRENT PETITION</u>

Dillon has presented his claims on the form reserved for the filing of habeas corpus petitions under 28 U.S.C. § 2254. However, given his claim that his right to a speedy trial has been violated, "the issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding." <u>Braden v. Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 503-04 (1973). Thus, it is appropriate for this court to consider Dillon's petition under the rules applicable to pretrial petitions brought pursuant to Section 2241.

For the following reasons, the record reflects that Dillon has no right to federal relief at this time and that he has not otherwise exhausted his available state court remedies.

IV. <u>FEDERAL HABEAS RELIEF IS NOT AVAILABLE</u>

In his application, the only relief sought by Dillon is dismissal of the charges against him and not the enforcement of his right to a speedy trial. Dillon is not entitled to the relief he seeks.

It is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 226 (5th Cir. 1987) (<u>quoting</u> <u>Braden</u>, 410 U.S. at 489-92 and <u>citing</u> <u>Brown v.</u>

Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).  Thus, the relief Dillon seeks, dismissal of the charges against him, is not an available remedy for a speedy trial challenge in a federal habeas corpus petition.  His claims seek relief which cannot be granted by this court, and his petition must therefore be dismissed.

V.    EXHAUSTION OF STATE COURT REMEDIES

Even if Dillon sought appropriate relief, he has failed to exhaust state court remedies.  Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner.  Dickerson, 816 F.2d at 225; Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden, 410 U.S. at 489-92.  The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions, as well as to limit federal interference in the state adjudicatory process.  Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Within the context

of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist.  <u>Dickerson</u>, 816 F.2d at 225 (citing <u>Braden</u>, 410 U.S. at 489); <u>Tooten v. Shevin</u>, 493 F.2d 173, 177 (5th Cir. 1975).

The record in this case reflects that Dillon did not pursue appellate review of the attachment or the due process and speedy trial issues.[12] My staff has also confirmed with the clerk of the Louisiana Supreme Court that Dillon has not sought relief in that court related to his pending New Orleans traffic court charges.  There are no circumstances in this case which would allow Dillon to avoid the entire state process by first pursuing federal habeas corpus relief.

Dillon has failed to exhaust state court remedies.  His claims must be dismissed for this reason.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Keith Dillon for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for seeking relief which is not available and otherwise for failure to exhaust state court remedies.

---

[12] Rec. Doc. No. 9, Exhibit C, Interoffice Memo, 6/28/06.

    A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __18th__ day of August, 2006.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE